UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:10-CV-52-H

ROLANDA HARMON                                                                                   PLAINTIFF

V.

THE KROGER CO., *et al.*                                                                       DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff brings this action alleging multiple state tort law claims as well as claims under 42 U.S.C. §§ 1983 and 1981. Defendants in this case are: (1) the Kroger Co. (Kroger); (2) Chris Turner, an employee of Kroger; and (3) Liane Heichelbach, an officer with the Louisville Metro Police Department who works part-time security for Kroger. Plaintiff alleges that Turner and Heichelbach unlawfully took her into custody and searched her multiple times for possible evidence of shoplifting because of her race. At this time, Heichelbach has moved to dismiss all claims against her in her official capacity as a Louisville Metro police officer only.

The parties agree that the official capacity claims against Heichelbach are, in essence, claims against Louisville Metro Government ("Louisville Metro"). *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). As such, all defenses available to Louisville Metro are available to Heichelbach in her official capacity. The parties further agree that Louisville Metro is entitled to sovereign immunity for all state law claims. The limited issue before the Court is whether Plaintiff's claims under Sections 1983 and 1981 may proceed against Heichelbach in her official capacity.

**I.**

An employer is not liable under § 1983 solely on the basis of respondent superior. *See*

*Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 691 (1978); *see also Adkins v. Bd. of Educ. of Magoffin County, Ky.*, 982 F.2d 952, 957 (6th Cir. 1993). Rather, the municipality is only liable where "the person committing the [illegal] act did so pursuant to official policy. A formally adopted policy is not required; established usage or custom may be sufficient." *Adkins*, 982 F.2d at 957. Thus, for Plaintiff to state a claim against Heichelbach in her official capacity under § 1983, Plaintiff must allege that Heichelbach was acting pursuant to an official policy of Louisville Metro. *See Jackson v. Heh*, 215 F.3d 1326, 2000 WL 761807, at *7 (6th Cir. 2000) (Table Opinion) ("[Plaintiff's] claims against the city were also properly dismissed because he failed to allege that the defendants acted pursuant to a state policy or custom.").

The Amended Complaint is devoid of any allegation that Heichelbach acted pursuant to any *Louisville Metro* policy.[1] In her Response to Heichelbach's Motion to Dismiss, Plaintiff alleges that Louisville Metro has a "policy and procedure and/or custom and practice, which allowed [Heichelbach] to work off duty in uniform. Plaintiff contends that the policy and procedure is vague and does not provide proper guidance to officers working in such off duty positions." This allegation is simply insufficient to allow the case to proceed against Heichelbach in her official capacity.

> [M]unicipal liability attaches only where a constitutional violation results from the execution of a government's policy or custom. Beyond having to identify conduct properly attributable to the municipality itself, a plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the moving force behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.

---

[1] The Amended Complaint does, however, assert that Heichelbach acted pursuant to Kroger policy. The policy of Kroger cannot create liability for the city.

*Cherrington v. Skeeter*, 344 F.3d 631, 645 (6th Cir. 2003) (quotations and citations omitted). There is no allegation directly connecting the policy of allowing officers to wear uniforms while off duty with the unconstitutional acts of Heichelbach. Moreover, there is no allegation of any "deliberate conduct" on the part of the municipality that shows it was the "moving force behind the injury alleged." *Id.* Without such allegations, Plaintiff has failed to state a claim against Heichelbach in her official capacity for which relief is available.

**II.**

Plaintiff's final claim against Heichelbach in her official capacity is brought under § 1981. However, the Sixth Circuit has held that "the express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units; no independent cause of action against municipalities is created by § 1981(c)." *Arendale v. City of Memphis*, 519 F.3d 587, 598-99 (6th Cir. 2008) (quoting *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 733 (1989)). Because a § 1981 claim against a municipality is properly a § 1983 and the Court has determined that the § 1983 claim should be dismissed, the Court will also dismiss the § 1981 claim.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant Liane Heichelbach's Motion to Dismiss is SUSTAINED and all claims against Heichelbach in her official capacity are DISMISSED WITH PREJUDICE.

This is not a final and appealable order.

cc: Counsel of Record